# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-KA-01091-COA

ANTHONY SPEARMAN                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                 APPELLEE

DATE OF JUDGMENT:            08/28/2023
TRIAL JUDGE:                 HON. ALAN D. LANCASTER
COURT FROM WHICH APPEALED:   GRENADA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: ZAKIA BUTLER CHAMBERLAIN
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: KATY TAYLOR SARVER
DISTRICT ATTORNEY:           WILLIAM ADAM HOPPER
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 02/18/2025
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., WESTBROOKS AND WEDDLE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Anthony Spearman and co-defendant Jackquan Baker were convicted for aggravated assault and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC).  On appeal, Spearman's appointed counsel filed a brief pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), representing that she has diligently reviewed the record but has been unable to find any arguable issue for appellate review.  This Court issued an order allowing Spearman forty days to file a pro se supplemental brief.  However, no pro se brief was filed.  After independently reviewing the briefs and the record, we affirm Spearman's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On July 15, 2020, LeeKedrick Moore and a friend went to the Walmart store in Grenada, Mississippi. Moore got out of the car and was standing next to the trunk of the car when he heard someone call his name. He saw Spearman and Baker coming toward him "with guns." When Moore fired back, Spearman and Baker ran away. Moore suffered a wound to his foot,[1] and he went inside the store for help.

¶3.     Spearman and Baker were charged and tried jointly for aggravated assault. At trial, Moore testified that the defendants, whom he identified, approached him in the store's parking lot and began shooting. Moore had a gun and returned fire. Moore testified, "He shot. And both started shooting. I started shooting back." Video-surveillance evidence corroborated Moore's testimony. Moore was shot in his right foot in the exchange of gunfire.

¶4.     On cross-examination, Moore denied being the initial aggressor. When questioned if Moore shot himself in the foot, Moore noted that the bullet retrieved from his foot "was a 45 [caliber]"; Moore was "shooting a 9 millimeter." Neither Spearman nor Baker offered any evidence at trial. The court therefore refused to give the defense's proposed self-defense instruction, finding no "evidence that the jury could consider that either of the defendants were acting in self-defense."

¶5.     A Grenada County Circuit Court jury found Spearman and Baker guilty, and the trial court sentenced both defendants to serve twenty years in MDOC's custody. Spearman filed

---

[1] Baker also sustained a gunshot wound before leaving the scene with Spearman.

a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial, in which he argued that the verdict was against the weight of the evidence and that the trial court erred in refusing the defense's proposed self-defense instruction. The circuit court denied the motion, and Spearman filed a notice of appeal.[2]

## DISCUSSION

¶6. "Our Supreme Court has established a procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Nobles v. State*, 391 So. 3d 243, 245 (¶8) (Miss. Ct. App. 2024). In *Lindsey*, the Mississippi Supreme Court instructed that in addition to filing and serving a brief that complies with Rule 28(a)(1)-(5), (8) of the Mississippi Rules of Appellate Procedure,

> counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Lindsey*, 939 So. 2d at 748 (¶18). "Counsel must then send a copy of the appellate brief to the defendant, inform the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief." *Id*. "Once briefing is complete, the

---

[2] We affirmed Baker's conviction and sentence in his separate appeal. *See Baker v. State*, No. 2023-KA-01111-COA, 2025 WL 87913 (Miss. Ct. App. Jan. 14, 2025).

3

appellate court must consider the case on its merits and render a decision." *Id*.

¶7.   Appellate counsel complied with the procedure set forth in *Lindsey*, sending Spearman a copy of the brief and advising him that he could file a pro se supplemental brief. After being provided forty days to file a brief, Spearman did not do so. Having independently and thoroughly reviewed the record, we find that the State presented sufficient evidence to support the conviction and that there was no evidence to support a self-defense instruction. We find no arguable issues for appeal and affirm Spearman's conviction and sentence.

¶8.   **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**

4